United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-31260
Summary Calendar

———

MICHAEL D MARLIN

Plaintiff-Appellant

v.

MS FONTENOT

Defendant-Appellee

———

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-1017

———

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael D. Marlin, federal prisoner # 08387-003, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Marlin's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Marlin is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Marlin's Federal Tort Claims Act and 42 U.S.C. § 1983 claims are deemed abandoned because he has failed to brief them. See Yohey v. Collins, 985 F.2d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

222, 224-25 (5th Cir. 1993); United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992). Because the district court failed to address Marlin's Americans With Disabilities Act (ADA) claim, we grant his motion for IFP. However, his allegations fail to state a claim upon which relief under the ADA can be granted. Marlin's arguments reflect that the alleged actions were at best retaliatory acts due to his writ writer reputation rather than discrimination based upon disability. Having reviewed Marlin's brief, the record, and the opinions below, we find no reversible error. Therefore, we dispense with further briefing and affirm the dismissal of Marlin's complaint.

The district court's dismissal of Marlin's suit counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Marlin is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP GRANTED; AFFIRMED; SANCTION WARNING ISSUED.